UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENA JOHNSON,

      Plaintiff,

-vs-               Case No. 2:09-cv-31-FtM-SPC

CIRCLE K STORES, INC.,

      Defendant.
_____

## ORDER

This matter comes before the Court on the Defendant Circle K Stores' Motion to Strike the Plaintiff Dena Johnson's Expert Witness, Stephen Rosen, PhD. (Doc. #19) filed on September 30, 2009. The Plaintiff filed her Response in Opposition (Doc. # 27) on October 15, 2009. The case was reassigned to the undersigned by the consent of the Parties on November 24, 2009.

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005). In evaluating a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

The Defendant moves the Court to strike the Plaintiff's expert witness pursuant to Red. R. Civ. P. 702 because Dr. Rosen is not qualified to testify about the matters involved, Dr. Rosen's methodology used to test and support his position is not reliable, and Dr. Rosen's opinion would not assist the trier of fact and would not provide greater understanding to the jury. The Defendant cites to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

Under Daubert it is the burden of the party offering the expert to lay a proper foundation for the admission of expert testimony and the admissibility must be shown by a preponderance of the evidence. McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002), citing Allison v. McGhan Med. Corp., 184 F.3d 13000, 1306 (11th Cir. 1999) (citing Daubert, 509 U.S. at 592, n. 10). In Daubert, the United States Supreme Court invalidated the "general acceptance" test that had been established in Frye v. United States, 293 F. 1013 (D.C. Cir. 1923), and requires the trial courts to act as gatekeepers to ensure that speculative, unreliable expert testimony does not reach the jury.

Rule 702 of the Federal Rules of Evidence allows the admissibility of expert testimony "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." The Rules, especially Rule 702 place appropriate limits on the admissibility of purportedly scientific evidence by assigning to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Therefore, the Federal Rules of Evidence, not Frye, provide the standard for admitting expert scientific testimony in a federal trial. U.S. v. Piccinonna, 885 F2d 1529, 1531 (11th Cir. 1989).

Federal Rule of Evidence 702 is the tool that sets the Daubert analysis in motion. Rule 702 permits testimony at trial regarding the scientific evidence if the Daubert standard is met.

The focus of the court's inquiry must be based solely on the principles and methodology of the expert, and not on the conclusions that the expert reaches. Daubert, 509 U.S. at 594. A judge's role is to keep unreliable and irrelevant information from the jury due to the potential to create confusion and it lacking probative value. Allison v. McGhan Medical Group., 184 F.3d 1300, 1311-12 (11th Cir. 1999).

Initially, the Defendant states that Dr. Rosen opined that the Circle K was not ADA compliant, however, the ADA is not applicable to this case. Circle K further notes that Dr. Rosen relies on the International Building Code which is not used in the State of Florida and also upon the Life Safety Code, which is a fire code and not related to a slip and fall. The Defendant's arguments fail under Daubert, because the Defendant is objecting on relevance and credibility issues rather than upon the scientific method and techniques used by the expert.

The Defendant also argues that Dr. Rosen's use of the ADA is misleading because the Plaintiff is not disabled and thus the ADA opinions are irrelevant to this case. The Defendant continues that the International Building Code and Life Safety Code are likewise not relevant since they do not relate to the slip and fall at issue in this case. The Plaintiff responds that Dr. Rosen addressed the various standards of the ADA and various building and safety codes as they relate to the maintenance of safe and slip-resistant surfaces. However, the Plaintiff withdraws any opinion and testimony from Dr. Rosen regarding the ADA, and building and safety codes or Circle K's noncompliance with said codes. Thus, Dr. Rosen's opinions on those issues will be stricken.

Regarding the surface of the sidewalk, Dr. Rosen opined as follows:

(1) Defendant failed to have an adequate and documented inspection system; (2) Defendant failed to warn customers of a substantial danger or a substantial zone of danger; (3) Defendant failed to fulfill its responsibility as to maintenance of the subject premises by failing to inspect and remove the subject foreign substance and by failing to have documented policies; and (4) the Plaintiff committed no human error that in turn caused the subject accident or resultant injuries.

Those opinions of Dr. Rosen are relevant to the issues in this case and no good cause exists to strike the opinions. Instead the Defendant may challenge Dr. Rosen's opinions through counter opinions and cross examination.

As for his qualifications, the Plaintiff states that Dr. Rosen has published three books <u>The Slip and Fall Handbook</u>, <u>The Duty to Warn Handbook</u>, and the <u>California Case Law of Slip and Fall</u>. Additionally, Dr. Rosen has had thirty-four (34) years of practical experience as a consultant and accident investigator. The Plaintiff also states that in addition to his published works, Dr. Rosen has vast practical experience, has been qualified as an expert in thirty-seven (37) states, has been qualified as an expert in Florida fifty (50) times, and testified in court including the Middle District of Florida over 400 times. As such, the Court finds that Dr. Rosen has the qualifications to testify in this case as well.

The Defendant also objects stating that Dr. Rosen does not employ any scientific methodology in making his determinations. However, Dr. Rosen may offer a non-scientific opinion without having to establish the <u>Daubert</u> criteria. <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 151, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999); <u>American General Life Insurance Co. v. Schoenthal Family, LLC.</u>, 555 F.3d 1331, 1338 (11th Cir. 2009). As such, the Court finds good cause to allow

Dr. Rosen to testify. The Defendant may challenge his credibility and conclusions through cross examination and counter expert testimony.

Accordingly, it is now

**ORDERED:**

The Defendant Circle K Stores' Motion to Strike the Plaintiff Dena Johnson's Expert Witness, Stephen Rosen, PhD. (Doc. #19) is **GRANTED in part and DENIED in part.**

(1) Dr. Rosen's Report and testimony regarding the ADA, International Building Codes and Life Safety Codes and/ or Circle K's noncompliance with said codes is hereby **STRICKEN.**

(2) Dr. Rosen's testimony and opinion testimony and conclusions are otherwise admissible.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of December, 2009.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record